The People ex rel. v. Holdridge.

THE PEOPLE, ex rel., EZRA B. BLAKE, v. ENOCH HOLDRIDGE.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

A person employed in an establishment where castings, farming imple-
ments, and machinery are made from melted pig and old iron, is not
exempt from jury service within the statute (2 R. S., 415, § 33), as a
person "in actual employment of any glass, cotton, linen, woolen, or
iron manufacturing company by the year, month, or season." MULLIN,
P. J., dissented.

A partner in an iron manufacturing company having an interest in its
profits, who is in the actual employment of the company and does its
work and business by the year is within the meaning of the act. Per
JOHNSON, J.

THIS was a certiorari to a justice of the peace of Cattarau-
gus county. The facts are stated in the opinion.

*Henderson & Wentworth,* for the relator.

*Jenkins & Goodwill,* for the defendant.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

JOHNSON, J. This is a common-law certiorari to review
the proceedings of the defendant, acting as a justice of the
peace in imposing a fine upon the relator for his default
in neglecting to appear and serve as a juror, when regularly
summoned, in an action pending before the defendant as such
justice. The relator appeared before the justice on the return
of the summons to show cause why he should not be fined
for his default; and the only cause shown by him was, that
he was one of the partners, and employed by the year in an
establishment where castings, farming implements, and
machinery were made from iron. The castings were made
by melting pig iron and old iron. This was no sufficient
excuse. By statute (2 R. S., 415, § 33), the court is required
to discharge any person from serving on a jury when it shall
satisfactorily appear, amongst other things, that such person
is "in the actual employment of any glass, cotton, linen,

The People ex rel. *v.* Hoidridge.

woolen, or iron manufacturing company by the year, month, or season." Manufacturing, according to Webster and other lexicographers is, making goods and wares from raw materials. It does not include tailors and blacksmiths, or other persons engaged in making clothing or other articles for use or sale from cloth after it has been manufactured from cotton, flax, or wool, or implements and wares from iron after it has been manufactured from ore. The relator did not, therefore, come within the statute. If the defendant had been a member of such a company as the statute designates, I am of the opinion that his excuse would have been sufficient, inasmuch as it appears that although he was one of the partners and had a share of the profits, he was actually in the employment of the company, doing its work and business by the year.

But, as his company was not engaged in manufacturing iron, but articles for sale and use from iron manufactured, the fine was rightfully imposed. (2 R. S., 245, § 112.)

The conviction is therefore affirmed with costs, to be paid by relator.

TALCOTT, J., concurred.

MULLIN, P. J. concurred on the ground that the relator was properly fined for not appearing and making his excuse upon being served with the venire, but did not concur in the construction of the statute.

Conviction affirmed.